# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**MURRAY AMERICAN ENERGY, INC.,**
**Employer Below, Petitioner**

**vs.)  No. 19-0461** (BOR Appeal No. 2053631)
(Claim No. 2018013969)

**REX ASHLEY,**
**Claimant Below, Respondent**

**FILED**

July 9, 2020
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Murray American Energy, Inc., by Counsel Denise D. Pentino and Aimee M. Stern, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Rex Ashely, by Counsel Robert L. Stultz, filed a timely response.

The issue on appeal is temporary total disability benefits. The claims administrator closed the claim for temporary total disability benefits on April 9, 2018. The Office of Judges reversed the decision in its November 1, 2018, Order and granted temporary total disability benefits as substantiated by proper evidence. The Order was affirmed by the Board of Review on April 19, 2019.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Ashley, a coal miner, injured his right shoulder and back in the course of his employment when he tripped and fell on December 4, 2017. The Employee's and Physician's Report of Injury was completed that day by John Manchin, D.O., and indicates Mr. Ashley sustained a right shoulder contusion and radiculopathy as a result of the work-related injury.

A treatment note by Mon Health Medical Center dated December 7, 2017, indicates Mr. Ashley was treated for right shoulder pain, which developed after he fell at work. X-rays showed no abnormal findings in the right shoulder. Range of motion was painful but normal, and strength

1

and impingement testing were also normal. The diagnosis was listed as shoulder contusion. Mr. Ashley returned to Dr. Manchin on December 11, 2017. He reported that he developed shoulder pain immediately following his injury, but he was able to complete his workday. Mr. Ashley was unable to work the following day and sought medical treatment. He stated that his shoulder was fine prior to the injury. Dr. Manchin found decreased range of motion on examination. The claim was held compensable for right shoulder contusion on December 19, 2017. Temporary total disability benefits were granted from December 5, 2017, through December 14, 2017.

A December 26, 2017, treatment note by Nathan Hundley, M.D., from Mon Health Medical Center, indicates Mr. Ashley was seen for right shoulder pain as well as numbness and pain in his elbow. Dr. Hundley recommended an MRI. Mr. Ashley saw Scott Benson, M.D., from Mon Health Medical Center, on January 1, 2018. The treatment note indicates Mr. Ashley was on his way to work when he experienced increased pain in his right shoulder. Range of motion was painful. Dr. Benson diagnosed chronic right shoulder pain. Two days later, Mr. Ashley was seen by Dr. Manchin who indicated he could not work for a few weeks due to right shoulder pain. Dr. Manchin's diagnosis was right shoulder contusion with sprain/strain. He stated that Mr. Ashley would be unable to work until January 17, 2018. Mr. Ashley was granted temporary total disability benefits from December 31, 2017, through January 17, 2018.

A right shoulder MRI was performed on January 16, 2018, which showed subchondral cystic changes in the humeral head and moderate to severe hypertrophic degenerative spurring in the acromioclavicular joint with mild to moderate impingement. Mr. Ashley returned to Dr. Manchin on January 17, 2018, and reported that he remained unable to work due to shoulder pain. It was noted that a recent cervical MRI showed disc bulging at C5-6 and C6-7 causing mild stenosis. Dr. Manchin stated that Mr. Ashley complained of pain, numbness, and tingling in his right shoulder. He also had decreased range of motion in both the right shoulder and cervical spine. Dr. Manchin opined that Mr. Ashley was temporarily and totally disabled from January 17, 2018, through April 5, 2018.

Mr. Ashley was treated by Behrooz Tohidi, M.D., on January 31, 2018. Dr. Tohidi indicated that he found tenderness with range of motion testing in the right shoulder as well as a positive impingement test. Dr. Tohidi opined that the MRI was not clear enough and that Mr. Ashley's symptoms seemed to be related to the infraspinatus or supraspinatus tendon. He diagnosed right shoulder impingement syndrome. Dr. Tohidi administered an injection into the right shoulder the following day. Mr. Ashley returned on February 9, 2018, and reported that his shoulder pain, numbness, and tingling had returned. He also reported the new symptom of a pulling sensation in his shoulder when he moved his head back and forth. Dr. Tohidi opined that Mr. Ashley had both right shoulder and cervical injuries. He assessed right shoulder impingement syndrome and cervical disc displacement.

Prasadarao Mukkamala, M.D., performed an independent medical evaluation on February 27, 2018, in which he noted slight range of motion deficits in the right shoulder. Dr. Mukkamala diagnosed right shoulder contusion and opined that Mr. Ashley had reached maximum medical improvement. He assessed 2% whole person impairment for the right shoulder. Based on Dr. Mukkamala's report, temporary total disability benefits were suspended on February 28, 2018.

On March 1, 2018, a cervical MRI was performed and showed large disc bulges at C5-6 and C6-7 causing mild spinal canal stenosis due to significant impression on the thecal sac and cervical cords. Mr. Ashley returned to Dr. Tohidi on March 8, 2018. Dr. Tohidi indicated that Mr. Ashley reported increased numbness and tingling in his shoulder as well as severe pain in his neck when moving his head down or back. Dr. Tohidi reviewed the cervical MRI and opined that the C6-7 protruding disc was more than likely traumatically induced and did not appear to be degenerative. He further opined that the protruding disc was the result of the compensable injury. His diagnoses were right shoulder impingement and cervical disc displacement. He requested the conditions be added to the claim.

A March 19, 2018, treatment note by Scott Daffner, M.D., indicates he reviewed Mr. Ashley's medical records and imaging. He found that the MRI showed a disc bulge at C5-6 and a small herniation at C6-7. He noted that a cervical x-ray showed degenerative disc changes at multiple levels. Dr. Daffner diagnosed cervical degenerative disc disease with disc bulging, right rotator cuff strain/tendinopathy, and right biceps tendonitis. Dr. Daffner opined that the C6-7 disc bulge could be the cause of some of the right arm symptoms; however, he found that the majority of Mr. Ashley's right arm symptoms were the result of his right shoulder injury. He stated that it was difficult to tell if the cervical MRI findings are work-related, but since Mr. Ashley had no symptoms prior to the compensable injury, it is likely the findings are work-related.

On April 11, 2018, Mr. Ashley once again saw Dr. Tohidi. The treatment note that day indicates he recommended Mr. Ashley undergo right shoulder surgery. Dr. Tohidi found that Mr. Ashley had pain with active movement. He opined that the examination indicated rotator cuff pathology or a partial tear of the supraspinatus or infraspinatus tendon. Dr. Tohidi stated that the initial diagnosis of shoulder contusion was no longer valid based upon Mr. Ashley's subsequent and current medical findings.

In a June 22, 2018, supplemental report, Dr. Mukkamala opined that Mr. Ashley did not develop right shoulder impingement as a result of his compensable injury. He stated that the impingement was the result of crowding in the joint due to degenerative changes. Dr. Mukkamala opined that his conclusion was supported by the right shoulder MRI, which showed preexisting hypertrophic degenerative spurring in the acromioclavicular joint. Dr. Mukkamala stated that the compensable injury caused a right shoulder contusion only. Regarding the cervical spine, Dr. Mukkamala opined that the disc displacement was not the result of the compensable injury. He found that the cervical changes were degenerative in nature and that his opinion was supported by the findings of Dr. Daffner, who also saw degenerative changes in the cervical imaging.

The claims administrator denied the addition of right shoulder impingement syndrome and cervical disc displacement as compensable conditions in the claim on April 4, 2018. The Office of Judges reversed the decision and added right shoulder impingement syndrome and cervical disc displacement to the claim in its September 18, 2018, Order. The Board of Review affirmed the Order on February 22, 2019, and this Court affirmed the Board of Review's decision.

3

In its November 1, 2018, Order, the Office of Judges reversed the April 9, 2018, claims administrator's decision closing the claim for temporary total disability benefits and granted such benefits as supported by proper medical evidence. It found that the weight of the evidence firmly establishes that the claim was improperly closed for temporary total disability benefits. The Office of Judges noted that benefits were suspended based on Dr. Mukkamala's determination that Mr. Ashley had reached maximum medical improvement on February 27, 2018. However, two additional conditions were added to the claim on September 18, 2018, and were therefore not considered by Dr. Mukkamala. The Office of Judges found that the evidence of record shows that Mr. Ashley requires additional treatment for his compensable injuries. Dr. Tohidi's records indicate that Mr. Ashley requires right shoulder surgery and treatment by a spinal surgeon. Dr. Manchin, Mr. Ashley's treating physician, opined that he was temporarily and totally disabled from March 29, 2018, through April 29, 2018. The Office of Judges found that Mr. Ashley has not returned to work or been released to return to work. Therefore, the Office of Judges concluded that he should be granted additional temporary total disability benefits as substantiated by proper medical evidence. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on April 19, 2019.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. At the time the claim was closed for temporary total disability benefits, the claim had not yet been held compensable for right shoulder impingement syndrome or cervical disc displacement. Therefore, Dr. Mukkamala was unable to consider the conditions when he determined Mr. Ashley was at maximum medical improvement. The medical records clearly show that Mr. Ashley remains unable to work due to his compensable injuries, so temporary total disability benefits were properly reinstated.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the Board of Review's findings, reasoning and conclusions, there is insufficient support to sustain the decision. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: July 9, 2020**

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

Justice Margaret L. Workman, not participating

4